IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JASON E. MITCHELL, :
:
    Plaintiff : CIVIL NO. 3:CV-16-2194
:
v. :
: (Judge Conaboy)
:
EDWARD GUIDO, ET AL., :
:
    Defendant :

FILED
SCRANTON
NOV 0 2 2016
PER _____
DEPUTY CLERK

**MEMORANDUM**
**Background**

    This pro se civil rights action was filed by Jason E. Mitchell, an inmate presently confined at the Cumberland County Prison, Carlisle, Pennsylvania. The Plaintiff has also submitted a request for leave to proceed in forma pauperis. Named as Defendants are President Judge Edward E. Guido of the Cumberland County Court of Common Pleas; Assistant District Attorney (ADA) Matthew Smith; and Attorney Stacy Wolf. Plaintiff's action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b).

    Plaintiff states that on August 3, 2016 he had a preliminary hearing on Pennsylvania state charges of fleeing or attempting to elude and driving under the influence. Mitchell contends that although "no prima facie case was established" the presiding Cumberland County district justice (a non-defendant) allowed the

1

charges to proceed.  Doc. 1, ¶ IV.

According to the Complaint, Plaintiff responded to that determination by filing a motion to quash/writ of habeas corpus with the Cumberland Court of Common Pleas.  During a September 27, 2016 hearing on that motion ADA Smith allegedly added a charge of flight to avoid apprehension against the Plaintiff.  Attorney Wolf, who is described as being Mitchell's criminal defense counsel made no objection to the alleged improper addition of the additional charge.

Plaintiff next asserts that President Judge Guido violated his rights by allowing the charges against Plaintiff to proceed and by denying his motion to quash as well as his subsequent motion for reconsideration.  Mitchell indicates that his motions should have been granted because ADA Smith failed to satisfy the Commonwealth's burden of proof, his defense counsel, Attorney Wolf, remained silent, and "ditching your car and running on foot is not a crime." Id. at p. 4.

As relief, Plaintiff asks that President Judge Guido be prohibited against presiding over Plaintiff's ongoing state criminal proceedings and that the entire Cumberland County Court system be investigated.  See id., ¶ V.  Mitchell also seeks monetary damages for unlawful restraint and emotional distress.

### Discussion

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process

should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

**Monetary Relief**

To the extent that Plaintiff is seeking an award of monetary damages, it is a well-established principle of law that judges are absolutely immune from suit for damages for conduct performed in the course of their official duties. Stump v. Sparkman, 435 U.S. 349, 359 (1978); Oatess v. Sobolevitch, 914 F.2d 428, 431 (3d Cir. 1990) (recognizing that a court may dismiss an allegation against a judge based on an exercise of judicial power).

Since the claims against President Judge Guido are solely premised upon rulings made by the President Judge during the course of Plaintiff's state criminal prosecution, President Judge Guido is entitled to absolute immunity with respect to any claim for monetary relief.

With respect to the claims that Defendant ADA Smith acted improperly with regard to the prosecution of Plaintiff, a

3

prosecuting attorney is absolutely immune from liability for monetary damages in civil rights actions for acts such as the initiation of the prosecution and presentation of the state's case which are intimately associated with the judicial phase of the criminal process. Imbler v. Pachtman, 424 U.S. 409, 420 (1976); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 462 (3d Cir. 1996). However, only qualified immunity is available to prosecutors with regard to allegations based on their administrative and/or investigative duties. See Hawk v. Brosha, 590 F. Supp. 337, 344 (E.D. Pa. 1984). There is no indication in the Complaint that Plaintiff is seeking relief against Smith based upon administrative or investigative action taken by that Defendant. Plaintiff's instant claims against ADA Smith are "intimately associated with the judicial phase of the criminal process," see Imbler, 424 U.S. at 430 and, therefore, ADA Smith is also absolutely immune from damages.

It is equally well-settled that public defenders and court appointed counsel do not act under color of state law for purposes of § 1983 when performing a traditional lawyer's functions to a defendant in a criminal proceeding.[1] Polk County v. Dodson, 454 U.S. 312, 318 n. 7 (1981); Black v. Bayer, 672 F.2d 309, 320 (3d Cir.), cert. denied, 459 U.S. 916 (1982). Rankine v. Server, 2001 WL 322517 (E.D. Pa. Feb. 13, 2001)(defense counsel does not act

---

[1] It is unclear as to whether Attorney Wolf was court appointed or privately retained defense counsel

4

under color of state law); Figueroa v. Clark, 1992 WL 122872 (E.D. Pa. June 1, 1992)(a court appointed attorney represents only his client and not the state).

The allegations against Attorney Wolf are entirely premised on actions taken by that Defendant the course of the Plaintiff's criminal defense. Thus, under the standards announced in Polk and Black, Defendant Wolf was not acting under color of state law for purposes of § 1983 and is not a properly named Defendant.

**Injunctive Relief**

The Complaint include factual assertions which arguably contend that Mitchell is being improperly confined. It is well-settled that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sounded in habeas corpus. See Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985).

In Edwards v. Balisok, 520 U.S. 641, 646 (1997), the United States Supreme Court concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action. Id. at 646. Pursuant to the standards announced in Georgevich and Edwards, Plaintiff's present apparent claim of illegal confinement are not properly raised in a civil

5

rights complaint. Accordingly, those type claims will be dismissed without prejudice to any right Mitchell may have to pursue said allegations via a federal habeas corpus petition.

Furthermore, it appears that Mitchell is challenging the legality of an ongoing Cumberland County criminal proceeding, in Younger v. Harris, 401 U.S. 37 (1981), the United States Supreme Court "held that principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't., 973 F.2d 169, 173 (3d Cir. 1992). The test for federal court abstention under Younger is whether "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Id.[2]

Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992). It has also been noted that the habeas corpus remedy afforded to state inmates under 28 U.S.C. § 2254 was not intended "to argue state law

---

2. Exceptions to Younger abstention may be made because of "a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff." Id.

issues pre-trial in a federal forum." <u>Green v. Commonwealth of Pennsylvania</u>, 1993 WL 239311 *3 (E.D. Pa. June 28, 1993).

There are no assertions by Plaintiff which suggests that he and his defense counsel cannot litigate the merits of his present claims in his ongoing state criminal proceedings. This civil rights action does not raise the type of extraordinary circumstances contemplated under <u>Younger</u>, thus, intervention by this Court in any ongoing state criminal proceedings in Cumberland County is not warranted at this juncture. Abstention is required in this case out of deference to the integrity of the state judicial process.

**Heck**

In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whole unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." <u>Id</u>. at 486-87.

Based on the nature of Plaintiff's allegations, a finding in his favor would imply the invalidity of his ongoing Cumberland County prosecution/confinement. There is no indication that Mitchell has successfully challenged either his arrest and/or any

7

resulting conviction or the length of his ongoing incarceration.

Consequently, pursuant to Heck, Mitchell's instant Complaint to the extent that it seeks an award of monetary damages on the basis of illegal confinement is premature because he cannot maintain a cause of action for an unlawful conviction or an excessive imprisonment until the basis for the conviction and imprisonment is overturned.

**Conclusion**

Since Plaintiff's complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. Under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915 is designed to preserve. See Roman, 904 F.2d at 195 n. 3. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: NOVEMBER 2nd, 2016